UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSHUA D. ROMERO,

    Petitioner,

v.                                                                             Civ. No. 22-730 DHU/GJF

FNU LNU and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court[1] on Petitioner Joshua D. Romero's ("Romero's") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [ECF 3], Respondents' Answer [ECF 10], and Petitioner's Reply [ECF 13]. Having considered the record and the relevant law, and otherwise being fully advised, this Court concludes that Romero's Petition is not time-barred but includes unexhausted claims that must be dismissed. The Court recommends that a 21-day deadline be set for Romero to voluntarily dismiss the unexhausted claims in his federal petition so that he may proceed only with exhausted claims.

**I.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Romero is an inmate serving a term of 46 years in the custody of the New Mexico Corrections Department ("NMCD") for 2018 convictions related to his forced entry into the home of his former girlfriend, N.S., who he held captive, physically assaulted, and threatened to kill. *See* ECF 10, Ex. A, F, L. Romero was convicted of seven counts: first-degree kidnapping (Count 1); third-degree aggravated battery against a household member causing great bodily harm (Counts 2

---

[1] The Honorable David H. Urias referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. *See* ECF 6. The Court concludes that no evidentiary hearing is presently required or permitted. *See* 28 U.S.C. § 2254(e)(2).

and 3); misdemeanor interference with communications (Count 4); misdemeanor battery against a household member (Count 5); misdemeanor resisting arrest (Count 6); and third-degree bribery of a witness (Count 7). ECF 10, Ex. L. The state district court entered a Judgment and Sentence for these convictions on July 26, 2018. *Id.*

On timely direct appeal, Romero argued that (1) the evidence was insufficient to support his kidnapping conviction; (2) multiple convictions for battery/aggravated battery on a household member violated double jeopardy; (3) his case should have been dismissed for a speedy trial violation; and (4) the state district court erroneously permitted the use of jail telephone calls to impeach him on cross-examination. ECF 10, Ex. M, O. The New Mexico Court of Appeals affirmed Romero's convictions. ECF 10, Ex. Q. Reasserting his insufficient evidence and double jeopardy arguments, Romero petitioned for writ of certiorari. ECF 10, Ex. R. On May 6, 2020, the New Mexico Supreme Court denied discretionary review. ECF 10, Ex. S. Romero did not petition for review by the United States Supreme Court.

On April 6, 2021, Romero signed his first state habeas petition in which he argued that his trial counsel was ineffective because she failed to consult or hire a medical expert, failed to interview the State's medical expert, failed to call witnesses to testify concerning prejudice caused by trial delay, and conceded that the trial delay was not prejudicial. ECF 10, Ex. U. In addition, Romero challenged the trial court's jury instructions for first-degree kidnapping. *Id.*

The state habeas court dismissed Romero's habeas petition [ECF 10, Ex. Y], and the New Mexico Supreme Court denied Romero's petition for writ of certiorari [ECF 10, Ex. BB].

Next, on May 13, 2022,[2] Romero filed a document entitled "Motion for Habeas Motion for

---

[2] Although a handwritten notation on Romero's summary judgment motion reads "Deemed filed 5.6.22[,]" the New Mexico Supreme Court does not apply the prison mailbox rule to certiorari petitions, *see Lucero v. Tafoya*, 49 F. App'x 196, 198 (10th Cir. 2002), and the motion is therefore considered to have been filed on the date reflected by the official file-stamp of the Chief Clerk of the Supreme Court, May 13, 2022 [ECF 10, Exs. EE & CC at 386].

2

Summary Judgment" (hereinafter "summary judgment motion") with the New Mexico Supreme Court. ECF 10, Exs. CC, DD. The New Mexico Supreme Court treated the motion as a petition for writ of certiorari and denied it on September 23, 2022. ECF 10, Ex. II.

On June 1, 2022,[3] Romero filed a document entitled "Motion for Habeas Motion for Fact-Finding and Conclusion" (hereinafter "fact-finding motion") with the state habeas court. ECF 10, Ex. EE. Apart from two exhibits attached to the summary judgment motion but omitted from the fact-finding motion [*see* ECF 10, Ex. DD], the motions are identical. *Compare* ECF 10, Ex. CC, *with* ECF 10, Ex. EE. Principally, both motions allege Romero's trial counsel was ineffective for failing to present an intoxication defense or to cross-examine N.S. with prior testimony. *See* ECF 10, Exs. CC, DD, EE. Although the filing was styled as a "motion," the state habeas court treated Romero's fact-finding motion as "another [habeas] petition," observing that it "read[] like a motion to reconsider the Court's previous dismissal of his Petition" and raised "[s]everal of the same issues raised in the original Petition" as well as "some new issues." ECF 10, Ex. GG at 481. The state habeas court noted that Romero had neither articulated how the claims presented in his fact-finding motion were different from those previously asserted nor explained why he had not raised them earlier. *Id*. Citing NMRA 5-802(H)(2)(b) and (I)(1) and (2), the court concluded that it "plainly appear[ed] from the face of the Petition that [Romero was] not entitled to relief as a matter of law." *Id*. As such, it dismissed Romero's fact-finding motion, construed as a habeas petition, on August 1, 2022. *Id*. Romero timely petitioned for writ of certiorari, which the New Mexico Supreme Court denied on October 27, 2022. ECF 10, Exs. HH, JJ.

---

[3] The mailbox rule also does not apply to state habeas petitions in New Mexico. *See Adams v. LeMaster*, 223 F.3d 1177, 1181–83 (10th Cir. 2000). Thus, the fact-finding motion, which was treated as a second state habeas petition, is considered to have been filed on the date reflected by the official file-stamp rather than on the "deemed filed" date noted on the motion. *See* ECF 10, Ex. EE.

On September 28, 2022, Romero signed and deposited for institutional mailing his initial 28 U.S.C. § 2254 petition [*see* ECF 1], which he amended on November 21, 2022 [*see* ECF 3]. It is the November 21, 2022 iteration of his federal habeas petition that is now before the Court.

## II.  PARTIES' ARGUMENTS

In the instant federal habeas petition, Romero alleges that he was denied due process because first responders failed to subject him to a sobriety test (Ground 1); that his trial counsel was ineffective by failing to raise an intoxication defense (Ground 2); that a medical report he obtained on October 24, 2022, constitutes exculpatory evidence in that it indicates N.S. sustained no great bodily harm (Ground 3); and that his trial counsel was ineffective by failing to elicit testimony from N.S. to support his incidental restraint theory (Ground 4). *See* ECF 3.

In response, Respondents maintain that Romero's petition is time-barred and that neither statutory nor equitable tolling apply. ECF 10 at 1. In the alternative, Respondents identify unexhausted claims and urge the Court to direct Romero to dismiss or delete his unexhausted claims and to proceed only with exhausted claims. *Id*.

Romero's reply discusses the background of AEDPA and state and federal habeas petitions and is generally unresponsive to Respondents' arguments. ECF 13.

## III.  ANALYSIS

### A.  Timeliness

Before the Court may address the merits of a § 2254 petition, the petitioner must demonstrate its timeliness. *See United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018). Because Romero filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's consideration of his petition. AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of

4

habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitation begins to run from the later of four different events, only one of which is applicable here—the date Romero's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Subsection (d)(2), in turn, permits statutory tolling: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Only applications or motions seeking State post-conviction remedies toll the limitation period; thus, federal courts "look to state law to determine whether an application is 'properly filed'" for purposes of § 2244(d)(2). *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).

Here, the state trial court entered its judgment on July 26, 2018. Romero timely appealed, and the appellate court affirmed his conviction. Romero then petitioned for writ of certiorari, but on May 6, 2020, the state supreme court denied his petition. Romero then had 90 days, or until August 4, 2020, to seek certiorari from the United States Supreme Court, which he did not do. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *Edwards v. Roberts*, 479 F. App'x 822, 826 (10th Cir. 2012). Thus, his conviction became final on August 4, 2020, and his one-year AEDPA limitations period for filing a federal habeas petition began to run the next day, on August 5, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

The AEDPA limitation period ran unabated from August 5, 2020, until April 6, 2021, when Romero filed his first state habeas petition. By that time, 244 days of the limitation period had elapsed, leaving 121 days remaining.

The state habeas court dismissed Romero's habeas petition on June 14, 2021, and Romero petitioned for writ of certiorari. When the state supreme court denied his petition on May 11, 2022,

5

Romero had 15 days, or until May 26, 2022, to seek rehearing. *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004). Romero did not seek rehearing. Thus, absent tolling, the remaining 121 days of his limitation period would have begun to run and would have expired on September 25, 2022. Based on these calculations, and without any tolling, Romero's initial federal habeas petition, which he signed and deposited on September 28, 2022, was two days out of time.

Notably, though, statutory tolling is available for "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. 2244(d)(2). And here, Romero *did* file post-conviction "motions" with the state supreme court and state habeas court on May 13, 2022, and June 1, 2022, respectively. Even so, Respondents insist that neither motion tolled the limitation period because "neither was 'properly filed' for purposes of 28 U.S.C. § 2244(d)(2)." ECF 10 at 10. Rather, Respondents contend that these motions constituted *unauthorized* second or successive state habeas petitions. *Id*.

Respondents' position finds some footing in the state habeas court's Order of Summary Dismissal in which it treated Romero's fact-finding motion as a second habeas petition and dismissed it. *See* ECF 10, Ex. GG. The court cited Rule 5-802(I) in concluding that it "plainly appear[ed] from the face of the Petition that [Romero was] not entitled to relief as a matter of law." *See* ECF 10, Ex. GG at 481. Rule 5-802(I) provides:

> If the petitioner has previously filed a petition seeking relief under this rule, the court shall have the discretion to (1) dismiss any claim not raised in a prior petition unless fundamental error has occurred, or unless an adequate record to address the claim properly was not available at the time of the prior petition; and (2) dismiss any claim raised and rejected in a prior petition unless there has been an intervening change of law or fact or the ends of justice would otherwise be served by rehearing the claim.

In other words, the state habeas court implicitly determined that Romero's fact-finding motion, or second state habeas petition, did not satisfy either of Rule 5-802(I)'s exceptions and was therefore

an improper second and successive petition. The court's assessment was sound and consistent with Rule 5-802(I). Further, given that only "properly-filed" applications for State post-conviction review have any statutory tolling effect, the Court must also consider its implications for the timeliness analysis here.

To help guide that analysis, Respondents point to the Tenth Circuit's decision in *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000), which defined a "'properly filed' application" for State post-conviction review as:

> one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) *the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions* that may have been imposed on an abusive filer; and (4) *other conditions precedent that the state may impose* upon the filing of a post-conviction motion.

ECF 10 at 11 (quoting *Habteselassie*, 209 F.3d at 1210–11 (emphasis added and footnote omitted by Respondents)). The Court takes from Respondents' use of italics that they mean to suggest that Romero's fact-finding motion failed to satisfy Rule 5-802(I)'s conditions precedent to filing a successive state habeas petition. In other words, because Romero failed to persuade the state habeas court that a fundamental error occurred, that an inadequate record to address his claims properly existed when he filed his prior petition, that there was an intervening change of law or fact, or that the ends of justice would otherwise be served by rehearing his claims, he was not authorized to file a second habeas petition, even if he titled it in some other fashion. *See* Rule 5-802(I) NMRA.

But critically, Respondents' recitation of *Habteselassie's* "properly filed" discussion is incomplete. Indeed, the Tenth Circuit goes on:

> By contrast, affirmative defenses that preclude a court from granting relief on the merits, as opposed to pure filing requirements, require analysis in some manner of

7

> the *substance* of the claims set forth by the petitioner and do not prevent a motion from being 'properly filed' for purposes of § 2244(d)(2). *Substantive impediments to relief of this nature include prohibitions against the filing of successive or abusive petitions*, the requirement that claims be brought on direct appeal if possible, and the judicial doctrine of res judicata.

*Habtesalassie*, 209 F.3d at 1211 (emphasis added). The Tenth Circuit explained that its definition of "properly filed" was consistent with the definition adopted by the majority of circuit courts at that time. *Id*. (citing *Bennett v. Artuz*, 199 F.3d 116, 123 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 & n. 2 (5th Cir. 1999); *Lovasz v. Vaughn*, 134 F.3d 146, 148–49 (3d Cir. 1998); *Patterson v. Director, Virginia Dep't of Corrections*, 36 F. Supp. 2d 317, 320 (E.D. Va. 1999); *Souch v. Harkins*, 21 F. Supp.2d 1083, 1086–87 (D. Ariz. 1998)).

The Tenth Circuit was even more clear in *McMillian v. Carochi*, 198 F. App'x 766 (10th Cir. 2006), albeit in an unpublished decision: "[s]uccessive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'" 198 F. App'x at 767–68 (reversing the district court's dismissal of a § 2254 habeas petition as untimely, because "the basis for the . . . procedural ruling [was] not correct") (citing *Habteselassie*, 209 F.3d at 1210–12; *Artuz v. Bennett*, 531 U.S. 4 (2000); *Drew v. Dep't of Corrs*., 297 F.3d 1278, 1284 (11th Cir. 2002); *Smith v. Walls*, 276 F.3d 340, 342 (7th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 779 (6th Cir. 2002); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *Villegas v. Johnson*, 184 F.3d 467, 469–70 (5th Cir. 1999); *Lovasz v. Vaughn*, 134 F.3d 146, 148–49 (3d Cir. 1998)). Of the cases on which the Tenth Circuit relied in *McMillian*, those from the Sixth, Seventh, and Eleventh Circuits have since been overruled. *See Drew*, 297 F.3d at 1284, *overruled as recognized by Jones v. Sec'y, Fla. Dep't. of Corr*., 906 F.3d 1339, 1351 (11th Cir. 2018); *Smith*, 276 F.3d at 342, *abrogated by Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009); *Palmer*, 276 F.3d at 779 (6th Cir. 2002), *overruled as recognized by Williams v. Birkett*, 670 F.3d

8

729, 735 (6th Cir. 2012). The balance, including *Habteselassie*, have not.

Because *Habteselassie's* definition of "properly filed" controls, the Court parts ways with Respondents' position that Romero's fact-finding motion, which the state habeas court treated as a second and successive habeas petition, failed to toll AEDPA's one-year limitation period. To the contrary, the limitation period was tolled at least while that motion was pending, from June 1, 2022, until August 1, 2022, or for a period of 61 days. The limitation period would have begun to run, at the latest, 15 days after entry of the New Mexico Supreme Court's October 27, 2022 Order. Thus, the remaining 121 days of the AEDPA limitation period expired on March 12, 2023. Plaintiff having filed his federal habeas petition well before that, on September 28, 2022, the undersigned recommends the Court find that it is not time-barred.

### B. Unexhausted Claims

Alternatively, Respondents argue that Romero's federal habeas petition includes a combination of exhausted and unexhausted claims and is therefore "subject to the *Fairchild* options." ECF 10 at 12–14. "A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires that a state prisoner pursue his claims "through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In other words, "a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (citing *O'Sullivan*, 526 U.S. at 845; 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.3 [b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies

[his] exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals).")).

Here, Romero asserts as his first ground for relief that he was denied due process arising from the responding officers' failure to administer a sobriety test to him. *See* ECF 3 at 5. Because he raises this claim for the first time in his federal habeas petition, it is unexhausted. Similarly, he challenges for the first time the sufficiency of evidence establishing N.S.'s great bodily harm, citing a medical report that he "just received . . . on 10-24-22[.]" *Id*. at 9. Previously, Romero challenged only the sufficiency of evidence supporting his kidnapping conviction. *See* ECF 10, Ex. O at 117, 124–30, Ex. R at 206, 208–12. This claim, too, is unexhausted.

When a petitioner, like Romero, has failed to exhaust some claims, and the petition includes a combination of exhausted and unexhausted claims, the petition is described as "mixed" and options available to the federal habeas court include:

(a)     dismissing the petition in its entirety;

(b)     staying the petition and holding it in abeyance while the applicant returns to state court to raise any unexhausted claim or claims;[4]

(c)     allowing the applicant to dismiss the unexhausted claim or claims and proceed with any claims for which state-court remedies have been exhausted; or

(d)     ignoring the exhaustion requirement altogether and denying the petition for lack of merit.

*See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

With respect to option (d), the federal habeas court may address the substance of the

---

[4] Because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts[,]" *Rhines v. Weber*, 544 U.S. 269, 277 (2005), a federal court should not choose option (b) without first determining that (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Id*. at 277-278.

petition—rather than compel complete exhaustion—if it is convinced that "the applicant does not even raise a colorable federal claim," and therefore interests of comity and federalism are better served by an immediate consideration of the merits. *See Granberry v. Greer*, 481 U.S. 129, 134-135 (1987). Thus, 28 U.S.C. § 2254(b)(2) "allows federal district courts entertaining habeas petitions [that] contain unexhausted claims to address those claims if they can be decided on their merits against the petitioner." *Rudolph v. Galetka*, 2000 WL 293706, *1 (10th Cir. 2000) (unpublished).

In their response to Romero's petition, Respondents explain that they "would not object to the Court directing Mr. Romero to dismiss his unexhausted claims and proceed with those as to which he has exhausted state-court remedies." ECF 10 at 14 (citing *Fairchild*, 579 F.3d at 1156; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The Court agrees that permitting Romero to dismiss his unexhausted claims is the best way forward. As a result, the Court recommends setting a 21-day deadline for Romero to voluntarily dismiss his unexhausted claims. Should he fail to submit a voluntary dismissal of his claims, the Court recommends his federal habeas petition be dismissed without prejudice.

In assessing his options going forward, Romero should take care to consider the potential ramifications. For if he chooses to dismiss his unexhausted claims, pursuing only those he has exhausted, "'he could lose the opportunity to litigate his presently unexhausted claims in federal court,' because the unexhausted claims could be characterized as 'second or successive' in a subsequent federal action under Section 2254." *Casaus v. Hatch*, No. 20-1269, 2023 WL 6805727, at *6 (D.N.M. Oct. 16, 2023) (quoting *Rose v. Lundy*, 455 U.S. 509, 514, 521 (1982)) (citing 28 U.S.C. § 2244(b); *Tapia v. Lemaster*, 172 F.3d 1193, 1194–96 (10th Cir. 1999)). On the other hand, if Romero opts against dismissing his unexhausted claims, and the Court dismisses

his entire federal habeas petition, he "should consider whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court in the future." *See id*. (citing § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 18182 (2001) (the statute of limitations is not tolled during the pendency of a federal habeas petition)).

IV. **CONCLUSION**

**IT IS HEREBY RECOMMENDED** that the Court determine that Romero's federal habeas petition is timely on account of statutory tolling.

**IT IS FURTHER RECOMMENDED** that the Court set a 21-day deadline for Romero to voluntarily dismiss the unexhausted claims in his federal habeas petition so that he may proceed only with exhausted claims.

**IT IS FURTHER RECOMMENDED** that if Romero fails to voluntarily dismiss his unexhausted claims within the 21-day deadline, the Court dismiss the entire mixed petition without prejudice.

**SO RECOMMENDED.**[5]

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the NMCD Offender Search Tool indicates that Romero is presently in custody at Northeast New Mexico Detention Facility, *see* https://www.cd.nm.gov/offender-search, the Court hereby directs the Clerk to mail this PFRD to him both at his address of record and the following address:

Joshua D. Romero
NMCD # 66573
185 Dr. Michael Jenkins Road
Clayton, New Mexico 88415

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**